UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RALPH deTOLEDANO,

    Plaintiff,

v.

JOHN D. O'CONNOR, *et al.*,

    Defendants.

CASE NO. 1:06cv01214

### DEFENSES AND ANSWER OF MARK FELT, JR.

Defendant Mark Felt, Jr. ("Felt, Jr."), by counsel, hereby files this Answer in response to the Complaint filed against him herein by Ralph deToledano ("Plaintiff").

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over the subject matter of the Complaint because, as the Complaint admits, Plaintiff entered into an agreement to arbitrate all disputes relating to the agreement which forms the basis for this lawsuit. In the alternative, this case should be stayed pending arbitration.

In connection with the foregoing, Felt, Jr. expressly reserves all rights to seasonably move to compel arbitration in the future. *E.g., Nat'l Foundation For Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772 (D.C. Cir. 1987).

### SECOND DEFENSE

To the extent the Court concludes that it has subject matter jurisdiction over the Complaint in the first instance, the Complaint is nonetheless subject to dismissal or a stay in favor of arbitration.



9302 Lee Highway, Suite 1100  Fairfax, VA 22031-1214
703-218-2100

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Felt, Jr. states as follows in response to the correspondingly numbered paragraphs of the Complaint:

1. Paragraph 1 contains legal matters as to which no responsive pleading is required. To the extent a responsive pleading is required, the matters are denied.

2-3. Paragraphs 2-3 contain legal matters as to which no responsive pleading is required. To the extent a responsive pleading is required, the matters are denied. By way of further answer, Felt, Jr. incorporates his First and Second Defenses herein by reference.

4. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 4. Accordingly, they are denied.

5. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in the first sentence of paragraph 5. Accordingly, they are denied. The balance of paragraph 5 is denied.

6. Denied.

7. Admitted.

8. Denied.

9. Except to state that the allegation that the book *FBI Pyramid* is a work of literary authorship under the Copyright Act is a legal matter as to which no responsive pleading is required, *FBI Pyramid* speaks for itself. Any allegations attempting to paraphrase the contents of the book that are in conflict with its actual text are denied. Accordingly, the balance of the



allegations of paragraph 9 are denied to that extent.

10. Except to state that Mark Felt, Sr., has publicly taken the position that he was the individual others referred to as Deep Throat, and that the text of *FBI Pyramid* speaks for itself, Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 10. Accordingly, they are denied.

11. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in the first and third sentences of paragraph 11. Accordingly, they are denied. The second sentence of paragraph 11 is denied.

12. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 12. Accordingly, they are denied.

13. Except to deny the second sentence of paragraph 13, Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 13. Accordingly, they are also denied.

14. Felt, Jr. admits speaking to Plaintiff about *FBI Pyramid* because Felt, Jr. hoped to write a more complete history of his father's FBI career that included more content about the real life cases his father handled.

15. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 15. Accordingly, they are denied.

16. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 16. Accordingly, they are denied.

17. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 17. Accordingly, they are denied.

18. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 18. Accordingly, they are denied.

19. The second sentence of paragraph 19 is denied. Felt, Jr. admits that he never told Plaintiff that Mark Felt, Sr. was "Deep Throat" but denies any implication, or attempt to create an inference, that Felt, Jr. had knowledge of his father's purported role as alleged in the Complaint. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the balance of the matters alleged in paragraph 19. Accordingly, they are denied.

20. Felt, Jr. denies the first sentence of paragraph 20 and also denies selling photographs as alleged in the last sentence. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the balance of the matters alleged in paragraph 20. Accordingly, they are denied.

21. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 21. Accordingly, they are denied.

22. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 22. Accordingly, they are denied. By way of further answer, however, Felt, Jr. is not sure what Plaintiff is alleging about any alleged role Felt, Jr. may have had with Kuhn Projects, LLC. Felt, Jr. also states that he is aware that O'Connor had contacts with one or more media outlets and that any contracts or agreements flowing therefrom speak for themselves. Felt, Jr. was not personally involved with the details of any such contacts (among other things, he had some personal medical issues at or about that time). The allegation about a "derivative work" is a legal matter as to which no responsive pleading is required. Accordingly, it is denied.


Odin Feldman Pittleman PC

23. Felt, Jr. denies that Plaintiff, who upon information and belief is an attorney and sophisticated businessman, was in any way misled by arbitration agreements as alleged in the Complaint. Felt, Jr. also denies the last sentence of paragraph 23. Otherwise, Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the balance of the matters alleged in paragraph 23. Accordingly, they are denied.

24. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 24. Accordingly, they are denied.

25. Denied.

26. This paragraph contains legal matters as to which no further responsive pleading is required. Felt, Jr. otherwise incorporates his prior responses to the referenced paragraphs.

27. Denied.

28. Denied.

29. Denied.

30. This paragraph contains legal matters as to which no further responsive pleading is required. Felt, Jr. otherwise incorporates his prior responses to the referenced paragraphs.

31. Paragraph 31 alleges, in part, legal matters as to which no responsive pleading is required. To the extent any responsive pleading is required as to those matters, they are denied. Otherwise, the balance of paragraph 31 is also denied.

32. Denied.

33. Denied.

34. This paragraph contains legal matters as to which no further responsive pleading is required. Felt, Jr. otherwise incorporates his prior responses to the referenced paragraphs.

9302 Lee Highway, Suite 1100  Fairfax, VA 22031-1214
703-218-2100


Odin Feldman Pittleman PC

35. Denied, except to state that the matters alleged in paragraph 35 appear to be a summary of certain of Plaintiff's allegations.

36. Admitted.

37. Denied.

38. This paragraph contains legal matters as to which no further responsive pleading is required. Felt, Jr. otherwise incorporates his prior responses to the referenced paragraphs.

39. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 39. Accordingly, they are denied.

40. Felt, Jr. is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 40. Accordingly, they are denied.

41. Denied.

42. This paragraph contains legal matters as to which no further responsive pleading is required. Felt, Jr. otherwise incorporates his prior responses to the referenced paragraphs.

43. The referenced agreement speaks for itself. Any allegations at variance with the express language of that document are denied.

44. Denied.

45. Denied.

46. This paragraph contains legal matters as to which no further responsive pleading is required. Felt, Jr. otherwise incorporates his prior responses to the referenced paragraphs.

47. Denied.

48. Denied.



Any allegations not expressly admitted are hereby denied. Further, Felt, Jr. denies that Plaintiff is entitled to any of the relief he seeks in the Complaint.

### FIFTH DEFENSE

No reliance and/or reasonable reliance by Plaintiff on any statements or actions by Felt, Jr.

### SIXTH DEFENSE

Some or all of Plaintiff's claims have been waived.

### SEVENTH DEFENSE

Plaintiff is estopped from asserting some or all of his claims.

### EIGHTH DEFENSE

Plaintiff has ratified and approved the Agreement to Assign Copyright and Assignment.

### NINTH DEFENSE

Some or all of Plaintiff's claims are barred by laches.

### TENTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable limitations periods.

### ELEVENTH DEFENSE

Felt, Jr. acted at all times in good faith, with innocent intention and without misrepresentation or violation of any duty allegedly owed to Plaintiff.

### TWELFTH DEFENSE

Subject to discovery, the claims made by the Complaint are barred, in whole or in part, by the lack of requisite originality in the material in question in this matter.



### THIRTEENTH DEFENSE

Felt, Jr. is informed and believes, and upon such basis alleges, that Plaintiff's claims are barred by a failure to join indispensable parties.

### FOURTEENTH DEFENSE

Felt, Jr. is informed and believes, and upon such basis alleges, that Plaintiff never obtained a grant of rights from the owner of the specific material in question in this matter.

### FIFTEENTH DEFENSE

Regardless of whatever beliefs or lack thereof Felt, Jr. may have had about his father's role in the Watergate scandal, he owed no duties to Plaintiff with respect to the communication of those beliefs.

### SIXTEENTH DEFENSE

Plaintiff knew full well, at all times, that Mark Felt, Sr. might well have been the individual others referred to as Deep Throat. He had no right to expect Felt, Sr. to volunteer this information at any time and he failed to make inquiries of Felt, Jr. or (upon information and belief) anyone alleged to be acting on Felt, Jr.'s behalf with respect to Deep Throat.

### SEVENTEENTH DEFENSE

Felt, Jr. is informed and believes, and upon such basis alleges, that Plaintiff has breached his own obligations under the contract upon which Plaintiff's claims are based and by reason of such breaches has forfeited any right to assert such claims in this forum.



9302 Lee Highway, Suite 1100  Fairfax, VA 22031-1214
703-218-2100

Odin
Feldman
Pittleman PC

### EIGHTEENTH DEFENSE

The claims made by the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### NINETEENTH DEFENSE

The claims made by the Complaint are barred, in whole or in part, by Plaintiff's authorization.

### TWENTIETH DEFENSE

The claims made by the Complaint are barred, in whole or in part, by Plaintiff's consent.

### TWENTY-FIRST DEFENSE

The claims made by the Complaint are barred, in whole or in part, by Plaintiff's acquiescence.

### TWENTY-SECOND DEFENSE

The claims made by the Complaint are barred, in whole or in part, by the lack of willfulness by Felt, Jr.

### TWENTY-THIRD DEFENSE

In the event that any interest or right of the Plaintiff is determined to have been infringed or violated, or any duty breached, by any person alleged to have been acting on behalf of Felt, Jr., any such infringement, violation or breach was without the authority or ratification of Felt, Jr.

### TWENTY-FOURTH DEFENSE

Felt, Jr. reserves the right to assert any and all other defenses of which he becomes aware during the pendency of this matter, whether by or as a result of the conduct of discovery in this

9302 Lee Highway, Suite 1100 Fairfax, VA 22031-1214
703-218-2100


Odin Feldman Pittleman PC

matter, including all admissions of the Plaintiff, or further investigation.

                                          MARK FELT, JR.
                                          By Counsel

*/s/ Craig J. Franco*
_____
Timothy J. McEvoy, Esquire (admitted *pro hac vice*)
Craig J. Franco, Esquire
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
(703) 218-2149
(703) 218-2160 (Facsimile)

Counsel for Defendant Mark Felt, Jr.

10

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served via electronically filing with the Clerk of Court via the CM/ECF system and via first class mail, as indicated below, this 31st day of August, 2006, to:

Theodore K. Allison, Esquire
1920 N Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Plaintiff

John D. O'Connor, Esquire    (via First Class Mail only)
287 Makin Grade
Kentfield, CA 94904

William Mark Felt, Sr.    (via First Class Mail only)
2309 Redford Place
Santa Rosa, CA 95403-8935

                                                          Craig J. Franco

#722459v1



Odin Feldman Pittleman PC
9302 Lee Highway, Suite 1100  Fairfax, VA 22031-1214
703-218-2100