United States District Court
for the District of Columbia

| | |
|---|---|
| Ralph deToledano, an individual, )<br>  )<br>    Plaintiff, )<br>  )<br>    v. )<br>  )<br>John D. O'Connor, Esq., et al, )<br>  )<br>    Defendants. )<br>  ) | Civil Action No. 1:06 cv 01214 JDB |

**MOTION TO SUBSTITUTE PARTY PURSUANT TO FED.R.CIV.P. 25**

The personal representatives of the estate of Ralph deToledano, plaintiff, hereby move for an order that they be substituted in place of Ralph deToledano by reason of his death on February 3, 2007. In support thereof, moving parties state:

This action for fraud, declaratory relief pursuant to 28 U.S.C. §2201, infringement of copyright pursuant to 17 U.S.C. §501 *et seq.*, and conversion of copyright was filed on behalf of Ralph deToledano on or about July 3, 2006. All defendants have answered or appeared. There are now pending, under submission, motions (1) to stay this action pending arbitration, (2) to transfer venue, and (3) to stay or dismiss a related arbitration proceeding.

Ralph deToledano died on or about February 3, 2007. His estate, of which this action is a principal asset, was opened on or about March 23, 2007. (Kolender Decl., attached.) James Toledano and Paul Toledano, the decedent's sons, have been granted Letters of Administration (Exhibit to Kolender Decl., attached). The undersigned has been engaged by the personal representatives to continue this action in their behalf. (Allison Decl., attached)

Rule 25 provides, "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party...." Fed. R. Civ. P. 25(a)(1).

The Court of Appeals for this circuit explained in *Sinito v. United States DOJ*, 176 F.3d 512, 336 U.S. App. D.C. 86 (D.C. Cir. 1999), "we have previously held that the purpose of the 1963 amendments to Rule 25, which replaced a harsher prior rule regarding proper party plaintiffs, was 'to liberalize the rule and to allow flexibility in substitution of parties.' . . . Although it is generally accepted that the proper party for substitution must be a 'legal representative' of the deceased, see 7C Wright, Miller & Kane, at §1956 . . . the addition of the word 'successor' to the rule means that a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate." (Citations omitted.)

Here, the personal representatives of Ralph deToledano are the legal representatives, and are entitled to continue this action in his stead.

The claims in this action survived plaintiff's death. As the court explained in Jonathan Woodner Co. v. Breeden, 665 A.2d 929, 938 (D.C. 1995):

> "At common law, all personal causes of action against a deceased person died with that person. Greater Southeast Community Hosp. v. Williams, 482 A.2d 394, 396-97 (D.C. 1984). The District of Columbia modified this common law rule by enacting the "Survival Statute" codified as D.C. Code §12-101 which provides: On the death of a person in whose favor or against whom a right of action has accrued for any cause prior to his death, the right of action, for all such cases, survives in favor of or against the legal representative of the deceased."

All state law claims survive under the foregoing District of Columbia statute, as well as under California law which may be found applicable to the claims. California Code of Civil

Procedure ("C.C.P.") §377.20 ("a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period"); see In re Marriage of Goldberg, 22 Cal. App. 4th 265, 267 (Cal. Ct. App. 1994) (action to nullify a marriage held to survive, in favor of decedent's legal representative, pursuant to California survival statute, recodified as C.C.P. §377.20).

Likewise, claims for infringement of copyright and conversion of copyright survive, because all rights inherent in copyright are descendable. 17 U.S.C. §201(d)(1) ("The ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law, and may be bequeathed by will or pass as personal property by the applicable laws of intestate succession.") All rights of the original copyright owner may be exercised by his successors. The claim for declaratory relief survives per force, because in its essence it arises out of the law of contract, or copyright.

Wherefore, movants respectfully request that this Court enter an order in the form attached, substituting them in their capacities as legal representatives of Ralph deToledano for the deceased plaintiff in this action.

                                                Karr & Allison, P.C.


                                      By      /s/   **Theodore S. Allison**

                                                Theodore S. Allison (D.C. Bar #441089)
                                                1920 N Street, N.W., Suite 300
                                                Washington, D.C. 20036
                                                Telephone (202) 331-7600
                                                Attorneys for Plaintiff