United States District Court
for the District of Columbia

| | |
|---|---|
| James Toledano and Paul Toledano, personal representatives of the Estate of Ralph deToledano,<br><br>    Plaintiff,<br><br>v.<br><br>John D. O'Connor, Esq., et al,<br><br>    Defendants. | )<br>)<br>)<br>) Civil Action No. 1:06 cv 01214 JDB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Consent Motion to Extend Time for a Motion
Pursuant to Fed.R.Civ.P. 25,
and to Lift the Stay for this Limited Purpose**

    The personal representatives of the estate of Ralph deToledano, plaintiff, hereby move for an order (1) enlarging the time for filing a motion to substitute a party in place of W. Mark Felt, Jr. by reason of the latter's death, and (2) lifting the stay at this time only for the limited purpose of considering and ruling upon this motion. Counsel for the Estate of W. Mark Felt, Jr. has given consent to the requested enlargement of time, while expressing no view on the merits of substitution or other particulars of this motion.

    By order of August 17, 2007, the Court stayed this action for all purposes pending arbitration before JAMS in San Francisco. Defendant W. Mark Felt, Jr. died on or about June 6, 2007, and his death was suggested on the record on or about September 9, 2007, after the stay was ordered. The parties have been engaged in proceedings before JAMS, and the Estate of Felt (Jr.) has entered an appearance in the arbitration. Undersigned counsel has been informed that

1

the Estate of Felt remains open.  Thus, there could be no prejudice to the Estate of Felt, and its counsel has suggested none in the discussions surrounding this motion.

Fed.R.Civ.P. 25 provides, "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party...." Fed. R. Civ. P. 25(a)(1).  Rule 25 contemplates that a motion to substitute would ordinarily be filed within 90 days of the suggestion of death of a party.  At the time the death of Mr. Felt was suggested on this record, this action had been stayed pending proceedings on the merits in another forum (JAMS arbitration in San Francisco).  *Toledano v. O'Connor*, 501 F. Supp. 2d 127, 154 n.11 (D.D.C. 2007).

Neither Rule 25 nor decisional law provides clear guidance whether the stay of this action operates to suspend the 90 day period provided for in Rule 25

Rule 25 creates neither a statute of limitations nor jurisdictional bar, and its time limits can be enlarged liberally, before or after they have expired, as demonstrated by the authorities cited in the following paragraph.  Thus, the stay of this action for the purpose of enabling the parties to litigate the same claims[1] in another forum should suspend the operation of Rule 25 in any event. *See Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1309 (7th Cir. 1988) (party should not be dismissed where action stayed so that parties could pursue parallel litigation in alternate forum).  Counsel for the two estates (de Toledano, and Felt Jr.) have been communicating about the interplay of the stay and Rule 25 for a number of weeks.  In plaintiff's view, while it would be possible to rely on the stay, seeking an enlargement of the 90 day period at this time appears to be the better course, and counsel for the Estate of Felt has consented.

---

[1] Excepting those claims against defendant O'Connor which were not referred to arbitration.

The 90-day period may be enlarged pursuant to Rule 6(b), and extensions of the time for substitution of a party should be liberally granted, absent showing of bad faith on part of movant for substitution or undue prejudice to other parties to action. *United States v Miller Bros. Constr. Co.*, 505 F2d 1031 (10th Cir. 1974); *see Continental Bank, N.A. v Meyer*, 10 F.3d 1293 (7th Cir. 1993) (substitution motion filed eight months after party's death granted where counsel continued to participate in the action and in settlement discussions); *National Equipment Rental, Ltd. v. Whitecraft Unlimited, Inc.*, 75 F.R.D. 507 (E.D. N.Y. 1977) (extension should be granted where the parties have proceeded with litigation, and no prejudice will result); *Tatterson v Koppers Co.*, 104 F.R.D. 19 (W.D. Pa. 1984) (same). The purpose of the 1963 amendment of Rule 25 was "to liberalize the rule and to allow flexibility in substitution of parties." *Sinito v. United States DOJ*, 176 F.3d 512, 336 U.S. App. D.C. 86 (D.C. Cir. 1999).

Wherefore, plaintiff respectfully requests that this Court enter an order in the form attached, enlarging the time for filing a motion pursuant to Rule 25 by any party to a date that is 30 days after the lifting of the stay for all purposes.

Respectfully submitted,

Karr & Allison, P.C.

By    /s/   Theodore S. Allison

Theodore S. Allison (D.C. Bar #441089)
1920 N Street, N.W., Suite 300
Washington, D.C.  20036
Telephone (202) 331-7600
Attorneys for Plaintiff